

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2007

# USA v. Chatman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Chatman" (2007). *2007 Decisions.* Paper 631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1249

UNITED STATES OF AMERICA
v.
MARCUS CHATMAN

Appeal from Order of January 4, 2006
in the United States District Court
for the Western District of Pennsylvania
(Crim. No. 05-cr-00142)
Honorable Alan N. Bloch

Submitted April 19, 2007

Before: MCKEE, AMBRO, *Circuit Judges*
MICHEL,[*] *Judge*

(Opinion Filed: August 2, 2007)

_____

OPINION

_____

MCKEE, *Circuit Judge*

Marcus Chatman appeals the sentence that was opposed following his guilty plea

_____

[*] Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

1

to counts one and two of an indictment charging him with violating 21 U.S.C. § 846 and 18 U.S.C. § 922(c)(1).  For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties, we need not reiterate the factual or procedural background of this case.  The only issue Chatman raises on appeal is whether the district court erred in not considering all of the sentencing factors delineated in 18 U.S.C. § 3553(a) in imposing sentence.  In *United States v. Cooper*, 437 F3d 324, 330 (3d Cir. 2006), we stated that the record of a sentencing proceeding must contain sufficient discussion of 18 U.S.C. § 3553(a) for us to determine "if the court acted reasonably in imposing [v] sentence."  The situation here is a bit unusual because the defendant asked to be sentenced at the bottom of the applicable guideline range, and he now appeals the sentence that he requested.  In imposing the sentence, the court only mentioned the sentencing guidelines, and the seriousness of the offense. The court did not otherwise  specifically refer to 18 U.S.C. § 3553(a).

The defendant did not object to the sentence or the guideline calculation at sentencing.  In fact, when the court informed the defendant that it was going to sentence the defendant to the bottom of the guideline range as the defendant requested, the defendant merely thanked the court for the expression of mercy and expressed remorse for his conduct.  App. 46.

In *United States v. Grier*, 475 F3d 556 (3d Cir. 2006)(*en banc*), we remanded a sentence to the district court where the transcript from the sentencing proceeding

reflected that the court's only explanation of the sentence was that it had considered the sentencing factors enumerated under 18 U.S.C. § 3553(a). Relying upon our decision in *Cooper*, we explained that "we lack[ed] a sufficient record to review Grier's sentence for ""reasonableness."" 475 F3d, 571. This situation is different. We are not willing to conclude that the district court was unreasonable in listening to the defendant and, without any objection from the defendant, then imposing a sentence that the defendant requested - a sentence that was within the guidelines.

Under these circumstances, remanding for a specific explanation of the § 3553(a) factors would promote process and form into folly. Given the defendant's arguments at sentencing, his background as a career offender, the guideline range of 262 to 327 months, the need to deter others and to punish the defendant as well as the apparent absence of serious efforts at rehabilitation given the defendant's criminal history, we conclude that the sentence that was imposed was reasonable.

Accordingly, for the reasons set forth above, we will affirm the judgment of sentence dated January 4, 2006.